Dear Mr. Pitman,
As counsel for the Livingston Parish Sheriff, you have requested an opinion of this office regarding whether Sheriff Graves may pay for and sponsor a bed with a private non-profit company that runs a substance abuse rehabilitation program in Livingston Parish.
Because sponsoring a bed in this substance abuse program would involve the use of public funds, the question must be examined in light of La.Const. art. VII, § 14, which provides, in pertinent part, as follows:
"Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .'
The seminal case interpreting La.Const. art. VII, Sec. 14 isBoard of Directors of the Industrial Development Board of the Cityof Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners,Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06),938 So.2d 11 (the "Cabela's" case). In light of the Louisiana Supreme Court's conclusion that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated," our office has opined that in order for an expenditure of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and *Page 2 
reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.
There is no question that fighting substance abuse serves a public purpose. The legislature has created a number of programs to try to treat (and ultimately end) substance abuse and has recognized that "addictive disorders are a disease" and "that those diseases are preventable and treatable." La.R.S. 46:2500. Similarly, sheriffs' offices around the state have long participated in Drug Abuse Resistance Education (D.A.R.E.) programs. Because the link between crime and substance abuse is well established, the sheriff's office has an interest in helping people avoid alcohol and drug use through education and treatment.
The next inquiry is whether donating funds to sponsor a bed in the treatment facility is gratuitous, and if not, whether the sheriffs office receives at least equivalent value for the money it donates. This office is not in a position to determine whether or what benefits the Sheriff's Office will receive in exchange for sponsoring a bed. However, in the event the sheriffs office is able to effectively demonstrate that it has a reasonable expectation of receiving a benefit at least equivalent to the amount expended or transferred, we believe the proposed transaction would be acceptable.[1]
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us. *Page 3 
Yours very truly,
JAMES D. "BUDDY" CALDWELL
Attorney General
By:__________________________
Lindsey K. Hunter
Assistant Attorney General
JDC/LKH/crt
[1] This is not the first opinion issued by this office regarding whether public funds can be spent to support substance abuse programs. In La. Atty. Gen. Op. No. 94-323, this office opined that the Franklin Parish Police Jury could continue to provide office facilities to a private, non-profit substance abuse program at the Franklin Parish Courthouse without violating La.Const. art. VII, Sec. 14(A). The opinion noted that the arrangement was more of a cooperative endeavor agreement between the two parties because the non-profit provided "an apparently valuable service to both the Parish and the courts by agreeing to supervise treatment and rehabilitation plans as ordered by the courts."
In La. Atty. Gen. Op. No. 92-807, this office determined that the West Baton Rouge Parish Police Jury could expend parish general funds for the purpose of rehabilitating indigent alcohol and drug abusers within the Parish. The opinion stated this could be done through a cooperative endeavor agreement with a non-profit corporation but noted that absent such an agreement, "an outrightdonation or contribution of Parish funds to the non-profitcorporation would be constitutionally prohibited." We believe this continues to be the case unless the public entity can show it is receiving at least equivalent value for the funds it spends.